Filed 11/13/24  P. v. Smith CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083000 |
| v. | (Super.Ct.No. CR63215) |
| CALVIN WAYNE SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Calvin Wayne Smith's request for a full resentencing hearing.[2] On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirm.

## I. PROCEDURAL BACKGROUND[3]

On October 26, 1998, defendant pled guilty to three counts of attempting to defraud another person by false pretenses (§§ 664, 532, subd. (a), counts 1, 5, & 10), three counts of attempting to falsely impersonate another person (§§ 664, 529, subd. (a)(3), counts 2, 6, & 13), three counts of second degree burglary (§ 459, counts 3, 7, & 9), one count of possessing a forged driver's license and identification card (§ 470, subd. (b), count 4), two counts of receiving stolen property (§ 496, counts 11 & 12), and one count of presenting false identification to a police officer (§ 148.9, subd. (a), count 8).[4] The trial court found true all four prior prison term allegations (§ 667.5, subd. (b))

---

[1] All further statutory references are to the Penal Code.

[2] The court struck the prior prison terms as an administrative function, rather than as part of a full resentencing hearing. (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151 ["'Unless a statute says otherwise, an enhancement may be imposed or stricken, but . . . may not be *stayed*; to do so is an illegal sentence. [Citation.]' [Citation.]"].)

[3] On our own motion, we take judicial notice of this court's opinion from defendant's appeal of the judgment in *People v. Smith* (Jan. 25, 2000, E024881) (nonpub. opn.) (*Smith*). (Evid. Code § 459.)

[4] As part of the plea agreement, the court dismissed one count of driving a vehicle while under the influence of alcohol and/or drugs (Veh. Code, § 23152, count XIV), one count of presenting false identification to a police officer (Pen. Code, § 148.9, subd. (a),

*[footnote continued on next page]*

2

and all nine prior strike conviction allegations (§§ 667, subds. (c) & (e), 1170.12, subd. (c)). (*Smith*, *supra*, E024881.)

On April 9, 1999, the court sentenced defendant to a total term of 50 years to life in state prison. The court imposed but stayed execution of judgment on all four prior prison terms. (*Smith*, *supra*, E024881.)

Defendant appealed the conviction. By opinion filed January 25, 2000, this court affirmed the judgment. (*Smith*, *supra*, E024881.)

On December 21, 2023, at a hearing at which defendant was represented by counsel, the court denied the request for resentencing pursuant to section 1172.75.[5] The court noted, "Earlier today in People versus Chlad, . . . the Court evaluated the same issue

---

count XV), and one count of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count XVI). (*Smith*, *supra*, E024881.)

[5] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382.) "Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866, *ibid*. ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]"].)

Here, defendant has failed his burden of producing a record that establishes the proceeding below was initiated by the CDCR. Appellate counsel cites the record for an assertion that "the case was added to the trial court's calendar after the CDCR identified it as a sentence that included a prior prison term." The People note that defendant's record cite does not actually support that proposition. The People are correct; the record cite in no way supports a contention that the CDCR initiated the proceeding. Nonetheless, as we discuss *post*, the People have sufficiently borne defendant's burden of showing the proceedings below were initiated by the CDCR.

3

here, the applicability of [section] 1172.75 . . . to people who had prison priors that were stayed. The Court's ultimate conclusion was that they are not entitled to relief under the statute."

Defense counsel responded, "I'd ask to incorporate the arguments and the Court's ruling from the Chlad case." The People replied, "Incorporate the argument in the Chlad case as well and submit."

The court noted, "And that is [case No.] BAF002073."[6] The court ordered that the abstract of judgment be amended to reflect the prison priors were stricken not stayed.[7]

We granted the People's request for judicial notice of the clerk's and reporter's transcripts in *People v. Chlad*, case Nos. BAF002073 and E083222. On December 21, 2023, the same day the court decided the matter in the instant proceeding, the court addressed the same issue in the *Chlad* case. The court noted it was "ready to proceed on the issue de jour." "[W]e have a number of cases today that are in the same position, and that is for an ultimate ruling, perhaps." The court noted, "This is essentially the defense

---

[6] In other words, the trial court case number of the *Chlad* case. The minute order reads that the court ordered case No. BAF002073 incorporated by reference. Appellate counsel for defendant failed his burden of producing an appellate record that included the incorporated references to the *Chlad* case. (See fn. 5 *ante*.) Nonetheless, again, the People have borne defendant's burden by requesting judicial notice of the pertinent portions of the *Chlad* case.

[7] The minute order expressly reflects that the court struck the prior prison term enhancements. The court clerk prepared a new abstract of judgment, which no longer reflects the prior prison term enhancements.

4

motion even though the DOJ is the one who set everything in motion by identifying defendants that they believe fall within the provisions of 1172.75."[8]

Defense counsel in *Chlad* noted, "the Legislature did direct that CDCR make an eligibility list and that this Court verify that people on that eligibility list had a prison prior on their abstract, that it was there at some part of their sentence; without specifying exactly how it was a part of their sentence, just specifying that it was some part of their sentence."

Defense counsel engaged in a dialogue with the court, arguing that the court should apply the holdings of the decisions in *People v. Christianson* (2023) 97 Cal.App.5th 300, 316, footnote 8 (*Christianson*), review granted February 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278 (*Saldana*), review granted March 12, 2024, S283547; and *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*), that Chlad was entitled to a full resentencing hearing. Defense counsel argued against applying the holding in *People v. Rhodius* (2023) 97 Cal.App.5th

---

[8] The People opine that "the trial court presumably meant the CDCR or the county correctional administrator, not DOJ." As noted in footnote 4 *ante*, whether the proceedings were initiated by the CDCR or defendant goes directly to whether this court and the court below have jurisdiction in the matter. The records we judicially noticed at the request of the People implicitly reflect that the court was addressing a number of cases, all of which appear to be in response to a list provided by the CDCR. We agree with the People that when the court said the matters were set in motion by the DOJ, the court must have meant the CDCR. Moreover, as noted *post*, defense counsel directly referenced a CDCR "eligibility list." The court thereafter expressly referenced how the statute required that the proceedings be initiated by the CDCR. Thus, the People have carried defendant's burden of producing an adequate record to establish the proceedings were initiated by the CDCR; therefore, both this court and the court below have jurisdiction in this matter.

38 (*Rhodius*), review granted February 21, 2024, S283169, which provides that defendants whose prior prison terms were stayed, rather than imposed, are not entitled to a resentencing hearing.

The People responded, "As this Court is well aware, this Court was the underlying court for the Rhodius decision, and we think that the Rhodius statutory analysis was the most thorough and compelling and cogent in terms of [section] 1172.75." Thus, the People maintained Chlad was not entitled to a full resentencing hearing.

The court in considering the decisions in *Christianson*, *Saldana*, *Renteria*, and *Rhodius* found "Rhodius to be the most persuasive." "And I am mindful it sounds like I'm congratulating the author, but I will say this. My statement of decision was nowhere close to the Fourth District Court of Appeal's analysis. Their dive into a legislative history in evaluation of this statute is much deeper than anything I came close to. [¶] And after reading the cases, I do find that the proper legitimate aim of this statute was to reduce sentences by initially just striking the prison priors. It would not reduce Mr. Chlad's sentence at all. His priors were stayed. He never served a day for a prison prior."[9] Thus, the court stated, "And so for those reasons I find that Mr. Chlad is not

---

[9] The court noted that section 1172.75, subdivision (b), provides: "'The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).'"

eligible under this statute for a full resentencing, . . . ." However, the court struck the section 667.5, subdivision (b) enhancement.

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain we should affirm the trial court's order in reliance on *Rhodius*. We affirm.

Senate Bill No. 483 (Senate Bill 483) (2021-2022 Reg. Sess.) added section 1171.14 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022). (*People v. Rhodius*, *supra*, 97 Cal.App.5th at p. 42.) "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Ibid.*)

7

"Section 1172.75[,] subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius, supra*, 97 Cal.App.5th at p. 44; contra, *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283 [Defendant entitled to full resentencing hearing where section 667.5 enhancement was imposed and stayed]; accord, *Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; accord, *People v. Espino* (2024) 104 Cal.App.5th 188, 196; see *People v. Gray* (2024) 101 Cal.App.5th 148, 167 & 167, fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].)

Here, like in *Rhodius*, the trial court imposed but stayed punishment on the prior prison term enhancements. Thus, since striking the prior prison term enhancements would not result in a lesser sentence than the one originally imposed as required by

8

section 1172.75, subdivision (d)(1), the court properly denied defendant's request for a full resentencing hearing. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant argues that we are not bound by *Rhodius*. However, "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) *Rhodius* is a decision of this appellate division.

Nonetheless, defendant essentially argues that the majority view of the appellate courts set forth in *Renteria*, *Christianson*, and *Saldana* comprise a "compelling reason" to depart from this court's decision in *Rhodius*.[10] We disagree.

In analyzing the legislative history of Senate Bill No. 483, this court in *Rhodius* observed that the Legislature was primarily concerned with providing relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48.) "The findings, costs, and ramifications of . . . Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5[, subdivision] (b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[,

---

[10] *Mayberry* and *Espino* were decided after briefing in this case.

9

subdivision] (b) prior.  As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id*. at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancements, striking those enhancements as anything other than an administrative function would not promote the legislative concerns in passing Senate Bill 483; in other words, striking the enhancements would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state.  We continue to agree with this court's decision in *Rhodius* and disagree with the courts in *Renteria*, *Christianson*, *Saldana, Mayberry*, *and Espino*.

### III.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                                                        J.


I concur:

RAMIREZ_____
                        P. J.

10

[*People v. Smith*, E083000]

MENETREZ, J., dissenting:

I am persuaded by the analysis in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, and similar cases. I consequently disagree with the approach taken by *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. Because review is pending in all of the relevant cases, they have "no binding or precedential effect, and may be cited for potentially persuasive value only." (Cal. Rules of Court, rule 8.1115(e)(1).) Because I agree with *Christianson* and similar cases, I would reverse and remand for resentencing under Penal Code section 1172.75, subdivision (d).

MENETREZ
J.

1